# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:94CR00027 |
| v. | ) | **OPINION** |
| | ) | |
| **JOHNNY MACK BROWN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Johnny Mack Brown, Pro Se Defendant.*

Defendant Johnny Mack Brown, a federal inmate proceeding pro se, has filed a Motion for Reconsideration (ECF No. 385) of the Opinion and Order entered September 5, 2013, construing and dismissing his motion seeking a reduction in sentence under 18 U.S.C. § 3582(c) as a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Because I neither solicited nor relied upon the government's response to Brown's § 3582(c) motion in dismissing that pleading as a successive § 2255 motion, I find no error in failing to permit Brown 21 days to respond to the government's pleading. Therefore, I will deny his Motion for Reconsideration.

Moreover, in the current motion, Brown asserts that he is entitled to be resentenced under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that a

fact which increases mandatory minimum sentence must be submitted to jury). Because Brown challenges the validity of his criminal sentence, rather than asserting facts in support of any reduction authorized under § 3582(c) and another specific statutory section or guideline amendment, I construe his pleading as a § 2255 motion and summarily deny it as successive.[1]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that in May of 1999, Brown filed a § 2255 motion regarding the same conviction and sentence, which the court denied. *See Brown v. United States*, Nos. Civ.A. 7:99-CV-346, CRIM.A. 3:94-CR-027-, 2000 WL 34537870 (W.D. Va. June 16, 2000), *appeal dismissed*, 51 F. App'x 419 (4th Cir. 2002) (unpublished), *cert. denied*, 539 U.S. 950 (2003). Because Brown offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss Brown's current action without prejudice.

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings" that the defendant is not entitled to relief.

A separate Final Order will be entered herewith.

DATED: October 2, 2013

/s/ James P. Jones
United States District Judge